IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEGHAN KERNS, | ) |
| | ) No. 7-1114 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| BOROUGH OF WILKINSBURG, | |
| Defendant. | |

## OPINION AND ORDER OF COURT

### SYNOPSIS

In this civil action, Plaintiff, a female former employee of the Defendant Borough, brings claims for gender discrimination and retaliation in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e, et seq., as well as the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 955 et seq.

In brief,[1] Plaintiff contends that during the course of her employment, her direct supervisor, Wes Johnson, often made inappropriate comments and physical contact, asked her to dinner, and reacted inappropriately to her relationship with another Borough employee.  After she filed an EEOC charge relating to Johnson's conduct, she contends that Defendant retaliated against her by, inter alia, assigning her to a different supervisor, and changing her job duties.

---

[1] Facts will be developed as required in the body of the Opinion, infra, and are undisputed as noted.

Defendant has filed a Motion for Summary Judgment on all claims against it. For the following reasons, the Motion will be denied.

## OPINION

### I. Summary Judgment Standard

Summary Judgment shall be granted if the pleadings, depositions, and answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the Court must examine the facts in a light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chem . Co., 898 F. 2d 946, 949 (3d Cir. 1990). The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. United States v. Omnicare, Inc., 382 F. 3d 432 (3d Cir. 2004). Rule 56, however, mandates the entry of judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof. Celotex Corp. v. Cattrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 265 (1986). The sum of the affirmative evidence to be presented by the non-moving party must be such that a reasonable jury could find in its favor; it cannot simply reiterate unsupported assertions, conclusory allegations, or suspicious beliefs. Croman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995).

### II. Defendant's Motion

#### A. Hostile Work Environment

I first address Defendant's argument that Plaintiff cannot, as a matter of law, maintain her claim for hostile work environment. In order to prevail on a hostile work environment claim, Plaintiff must demonstrate, <u>inter alia</u>, that she suffered intentional discrimination because of gender, that the discrimination was severe or pervasive, and that the discrimination would detrimentally affect a reasonable person of the same sex in the same position. <u>See</u> <u>Amati v. United States Steel Corp.</u>, No. 04-1442, 2007 U.S. Dist. LEXIS 82079, at *40 (W.D. Pa. Nov. 1, 2007). A hostile work environment claim cannot be analyzed on an "incident-by-incident" basis; instead, a court must examine the totality of the circumstances. <u>Konstantopolous v. Westvaco Corp.</u>, 112 F.3d 710, 715 (3d Cir. 1997); <u>Anderson v. Deluxe Homes of Pa. Inc.</u>, 131 F. Supp. 2d 637, 644 (M.D. Pa. 2001).

In this case, Plaintiff and Johnson present conflicting testimony, and therefore genuine issues of material fact, regarding the nature and extent of Johnson's behavior towards Plaintiff. As Defendant suggests, each alleged incident taken alone would likely be insufficient to support Plaintiff's claim; moreover, it appears that Johnson's alleged behavior falls on the lower end of the continuum between abusive and merely inappropriate. Nevertheless, if a jury were to accept Plaintiff's testimony – and disbelieve Johnson's denials or explanations -- it could find that over a period of approximately seven months, Johnson repeatedly touched Plaintiff's legs and shoulders, commented on her appearance, stared at her for prolonged periods, squeezed and rubbed her leg, invited her to dinner, alone, several times, and screamed a vulgarity at her relating to her romantic relationship with another man. I am unprepared to hold

that no reasonable jury could conclude that Plaintiff was subject to pervasive behavior that would have detrimentally affected a reasonable person in her position, and that she was treated thus because of her gender.  Accordingly, Defendant's Motion will be denied to that extent.

### B. Quid Pro Quo Sexual Harassment

Next, I address Defendant's challenge to Plaintiff's quid pro quo harassment claim.  In order to prove quid pro quo harassment, a plaintiff must show that her response to unwelcome advances was subsequently used as a basis for a decision about compensation, terms, conditions, or privileges of employment.  Farrell v. Planters Lifesavers Co., Inc., 206 F.3d 271, 281-82 (3d Cir. 2000).  In this Circuit, the "law contains no requirement that the plaintiff show that the employer implicitly or explicitly threatened retaliation when making the advance."  Id. at 282.

Here, it is true that Johnson's alleged conduct, while unsavory, does not readily suggest an attempt to extort sexual consideration, which typically underlies a quid pro quo theory.  Nonetheless, I am bound to view the facts in the light most favorable to Plaintiff.   In doing so, I must find that there are genuine issues of material fact that preclude the entry of judgment on this claim.  It is undisputed, for example, that Johnson recommended that Plaintiff be terminated, caused her to receive a disciplinary warning, and decided to rethink his decision to mentor her; it is also reasonable to view those actions as connected, in some respect, with his discovery that Plaintiff was involved with a fellow employee.  For example, Johnson's letter to the Borough Council states

that Plaintiff "has become involved in a relationship with another employee of the Borough," and that "it is understood in Human Resource circles that relationships with other employees in your organization will result in your termination, period." In that same letter, he recommends her termination. Based on the undisputed facts of record, a reasonable jury could conclude that Johnson made decisions about the conditions of Plaintiff's employment based on her responses to his advances. Summary judgment is, therefore, inappropriate on these grounds.

### C. Retaliation

Finally, I address Defendant's contention that Plaintiff cannot maintain a retaliation claim, because she did not suffer a materially adverse action, and that even if she did, she cannot demonstrate pretext.

As Defendant asserts, Plaintiff's retaliation claim proceeds under the familiar McDonnell-Douglas burden-shifting paradigm. Dawley v. Erie Indem. Co., 100 Fed. Appx. 877, 880 (3d Cir. 2004). Under that paradigm, after a plaintiff meets her prima facie case, the burden shifts the defendant to articulate some legitimate, nondiscriminatory reason for the adverse employment action. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973). Once the employer meets its relatively light burden, the burden of production returns to the plaintiff, who must show that the employer's explanation is pretextual. Id. at 803.

In applying these standards, I am mindful that a district court is not a "super-personnel" department that may second-guess the employer's business

judgment. Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 332 (3d Cir. 1995). Courts are, therefore, to exercise caution when intruding into subjective employment decisions. Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 527(3d Cir. 1993).

To establish a prima facie case of retaliatory discrimination, a plaintiff must show that she engaged in protected conduct, her employer took an adverse employment action against her, and there is a causal link between the allegedly protected conduct and the adverse action. Charlton v. Paramus Bd. of Ed., 25 F.3d 194, 201 (3d Cir. 1994). The same standards and law apply to retaliation claims under Title VII and the PHRA. Cerol v. Temple Univ., No. 07-3644, 2008 U.S. App. LEXIS 25618, at *2 (3rd Cir. Dec. 18, 2008).

In this context, an "adverse action" is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006). This standard ensures that the law "protects an individual not from all retaliation, but from retaliation that produces an injury or harm." Id. at 67. Accordingly, a "reassignment of job duties is not automatically actionable. Whether a particular reassignment is materially adverse depends upon the circumstances of the particular case, and "should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.'" Id. at 71. Minor changes in working conditions or job duties, which cause no significant disadvantage, are not "materially adverse." See Recio v. Creighton Univ., 521 F.3d 934, 940 (8th Cir. 2008).

In this case, Plaintiff presents the undisputed fact that after her EEOC charge about Johnson, Defendant assigned her a different supervisor, and instructed Johnson not to communicate face-to-face with her; that she did not, for example, attend personnel meetings after that time; and that she did not perform any duties in certain of her liaison or other capacities. As with Plaintiffs harassment claims, the call is rather close. Under the circumstances, however, a reasonable jury could conclude that Defendant's actions might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

Given that Defendant is not entitled to summary judgment on Plaintiff's prima facie case, I next consider the issue of pretext. Defendant has met its burden as to the fact of Plaintiff's reassignment, by proffering that the Head Librarian was chosen as Plaintiff's temporary supervisor because of his reputation for professionalism and past supervisory success. Defendant further suggests that its efforts to separate Plaintiff from Johnson were intended to protect Plaintiff. As to these actions, then, the burden shifts to Plaintiff to demonstrate that this was pretextual.

Plaintiff may demonstrate pretext by pointing to "some evidence, direct or circumstantial, from which a factfinder could either 1) disbelieve the employer's articulated reasons; or 2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Iadimarco v. Runyon, 190 F. 3d 151, 166 (3d Cir. 1999). The court may consider the sum or totality of the evidence presented in determining whether the plaintiff has established pretext. Futrell v. J.I. Case, 38 F. 3d 342, 346

(7th Cir. 1994).

In this case, Defendant has not proffered an explanation for certain of the alleged alterations in Plaintiff's job duties, or the manner in which it allegedly failed to transition Plaintiff's new supervisor into the reassignment. Under the totality of the evidence present in this case, as well as the applicable standard of review, I cannot hold that no reasonable jury could find that Defendant's explanation was pretextual.

## CONCLUSION

In sum, genuine issues of material fact remain regarding Plaintiff's claims, and her case must go forward. Defendant's Motion will be denied.

An appropriate Order follows.

## ORDER

AND NOW, this 16th day of January, 2009, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Summary Judgment (Docket No. [32]) is DENIED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Chief Judge, U.S. District Court